# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALFRED RAY JOHNSON,** | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-09-027-JHP-KEW |
| **JUSTIN JONES, DOC Director,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus [Docket # 1] filed, pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated in the Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in the District Court of Marshall County, Case No. CF-2005-182, for Count II: Unlawful Possession of Controlled Drug with Intent to Distribute - Marijuana, after two or more felonies, in violation of 63 O.S. Supp. 2004, § 2-401(b)(2); and Count III, Possession of a Controlled Substance - Cocaine, after two or more felonies, in violation of 63 O.S. Supp. 2004, § 2-402. In accordance with the jury's recommendation, Petitioner was sentenced to twenty years imprisonment on Count II and twenty years imprisonment on Count III. The trial court ordered the sentences to be served consecutively. Docket # 6-4, at p. 1.

Petitioner, represented by counsel, perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner raised the following issues:

> 1. The trial court improperly instructed the jury only on the range of punishment for subsequent offenders.
>
> 2. The prosecutor made erroneous and prejudicial statements that misinformed the jury of the proper punishment range, and skewed the jury towards recommending a longer sentence.

*Johnson v. State*, Case No. F-2006-956, slip op. (Okla. Crim. App. 2007)[Docket # 6-4].

On February 25, 2008, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the district court. The only issue raised therein was ineffective assistance of counsel. The application was denied on October 6, 2008. *See*, Docket # 6-5, at p. 1. On October 27, 2008, Petitioner perfected an appeal from the denial of post-conviction relief. In that appeal, Petitioner raised the following issues:

> 1. The evidence was insufficient to sustain a conviction. Trial and appellate counsel were ineffective for not objecting and raising this issue on appeal.
>
> 2. Petitioner's consecutive sentences violate double jeopardy. Trial and appellate counsel were ineffective for not objecting and raising this issue on appeal.

*See,* Docket # 6-5, at p. 2. On December 19, 2008, the OCCA, in an unpublished decision, denied the appeal. *Johnson v. State*, Case No. PC-2008-1017, slip op. (Okla. Crim. App. 2008)[Docket # 6-6]. In denying relief, the Oklahoma court held:

> To support a claim of ineffective appellate counsel, Petitioner must establish counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish factual innocence. Petitioner has not established that the outcome of his appeal would have been different if a proposition of error concerning the sufficiency of the evidence had been asserted. Petitioner's jury found him guilty of his crimes beyond a reasonable doubt, and Petitioner has not established that the jury would have been determined to be irrational on appeal. Petitioner has also not established that

the facts of his case would have caused a double jeopardy proposition of error to change the outcome of his appeal. Therefore, the order of the District Court of Marshall County denying Petitioner's application for post-conviction relief . . . . . . should be and is hereby, **AFFIRMED**.

*Johnson v. State*, Case No. PC-2008-1017, slip op. (Okla. Crim. App. 2008) (citations omitted) [Docket # 6-6, at pp. 2-3].

On January 23, 2009, Petitioner filed the instant petition for writ of habeas corpus identifying two (2) grounds of error, to-wit:

> 1. Petitioner was denied the effective assistance of appellate counsel because trial counsel failed:
>
>> a. to conduct adequate cross-examination of certain witnesses;
>>
>> b. to demur to the evidence on the basis that there was insufficient evidence on the possession charge;
>>
>> c. to challenge the imposition of consecutive sentences on the basis of double jeopardy; and
>>
>> d. labored under a conflict of interest.
>
> 2. Petitioner was denied due process when the trial court and prosecutor misinformed the jury on the range of punishment for the offenses. Further, Petitioner's trial attorney was ineffective for failing to object to the jury instructions and appellate counsel was ineffective for not raising the issue on appeal.

[Docket # 1]. The respondent contends and petitioner concedes that he has not exhausted sub-claims 1(a) and 1(d). Respondent also claims petitioner has not exhausted his claim that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness for not objecting to the jury instructions regarding punishment. For the reasons discussed below, the Court hereby finds Petitioner is not entitled to habeas corpus relief.

**ANALYSIS**

**A. Exhaustion/evidentiary hearing**

A review of Petitioner's direct appeal and post-conviction appeal reveals that he failed to present his arguments that counsel was ineffective for failing to conduct adequate cross-examination of witnesses and that trial counsel labored under a conflict of interest. Additionally, while Petitioner argued on direct appeal that the court improperly instructed the jury on the punishment thereby violating his due process rights, nowhere did he claim that he received ineffective assistance of appellate counsel when counsel did not raise the issue of trial counsel's failure to object to the jury instructions.

Despite petitioner's failure to exhaust, it would be futile to require petitioner to return to state court to raise those claims in a second application for post-conviction relief. *See*, *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); *see also*, *Coleman v. Thompson*, 501 U.S. 722 (1991); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Because there is an absence of available State corrective process, *see* 28 U.S.C. § 2254(b)(1)(B), Petitioner's claims are not barred by the exhaustion requirement.

**B. Anticipatory procedural bar**

The procedural default of Petitioner's habeas claims never before presented to the OCCA would result in the imposition of a bar based on independent and adequate state procedural grounds if petitioner were to return to state court to raise those claims in a second

application for post-conviction relief. *See*, *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to unexhausted claims that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002)).

To overcome the anticipatory procedural bar applicable to those claims not raised in state court, Petitioner must demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Maes*, 46 F.3d at 985. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . .efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such factors include discovery of new evidence, a change in the law, or interference by state officials. *Id*. Furthermore, the petitioner must show "actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). Alternatively, a petitioner may establish a "fundamental miscarriage of justice" by showing proof that he is actually innocent of the crime(s) for which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Petitioner states he did not present grounds 1(a) and 1(d) because he "did not become aware of them until after his post-conviction application had been denied." Petitioner provides no reason for not challenging appellate counsel's ineffectiveness for failing to raise the issue of trial counsel's failure to object to the jury instructions. Thus, Petitioner has failed to establish sufficient "cause" to overcome his procedural default of these issues.

Since Petitioner has failed to demonstrate "cause," the Court need not assess the "prejudice" component of the inquiry.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993); *Sawyer v. Whitley*, 505 U.S. 333, 339-41 (1992); *see also Schlup v. Delo*, 513 U.S. 298 (1995). To come within this narrow exception, a criminal defendant must make a colorable showing of factual innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000)(citing *Herrera*, 506 U.S. at 404). In order for a claim of actual innocence to provide a gateway for habeas review of a defaulted claim, a petitioner is required to establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Here, Petitioner claims to be actually innocent of the crimes of which he was convicted. Although he claims the witnesses testimony against him was inconsistent, he has failed to present new evidence in support of his claim of innocence. In the absence of new evidence supporting a claim of factual innocence, the Court finds Petitioner may not utilize the fundamental miscarriage of justice exception to overcome the anticipatory procedural bar applicable to his claims.

As a result, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's

defaulted claims. *Coleman*, 501 U.S. at 724. Habeas corpus relief is, therefore, denied on those claims.

## C. Claims adjudicated by the OCCA

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See*, 28 U.S.C. § 2254(d); *Harrington v. Richter*, — U.S. —; 131 S.Ct. 770, 784 (2011); *Williams v. Taylor*, 529 U.S. 362, 402 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA, citing *Strickland v. Washington*, 466 U.S. 668, 687 and 694 (1984) adjudicated the claims raised by Petitioner in grounds 1(b) and 1(c) holding that appellate counsel was not ineffective in failing to raise these issues. Therefore, these claims will be reviewed pursuant to 28 U.S.C. § 2254(d).

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel unless he demonstrates that the OCCA's adjudication was an unreasonable application of Supreme Court law. In considering a claim of ineffective assistance of appellate counsel, this Court applies the *Strickland* two-pronged standard used for general claims of ineffective assistance of trial counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Under *Strickland*, a petitioner must establish that his counsel's performance was deficient and that the deficient performance was prejudicial.

7

*Strickland*, 466 U.S. at 687. The first prong can be established by showing that counsel performed below the level expected from a reasonably competent attorney in a criminal case. *Id.*, at 687-688. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.*, at 694.

Petitioner first complains that trial counsel failed to demur to the evidence because there was no evidence to establish the element of possession and appellate counsel's failure to raise this issue on appeal was prejudicial. In denying this claim the OCCA clearly relied on the principles of *Strickland*, but found the outcome of the appeal would not have been different if appellate counsel had included a proposition of error concerning the sufficiency of the evidence. Thus, the OCCA found Petitioner failed to establish prejudice.

A review of the trial transcript reveals the evidence at trial was sufficient to establish by circumstantial evidence that the Petitioner was in 'possession' of the marijuana and cocaine. Specifically, the testimony revealed, after being followed for some time by a Marshall County Deputy Sheriff in a marked patrol car,[1] Petitioner went to the front door of a residence and said to the lady ("Ms. Rushing") who answered the door, "I've got weed let me in." At that point, Petitioner had his left hand in his sweatshirt pocket. He forced his way

---

[1] Dkt. # 6-7, at pp. 17-25.

into the residence and Ms. Rushing pushed him out with both hands while screaming that he was not coming in. Ms. Rushing's husband woke up and told Petitioner to get out of there. At that point, the Petitioner turned and "dropped a package out of his jacket" and then he left. Ms. Rushing contacted the Marshall County Sheriff's office and told them of the encounter and that the individual had left his weed at their house. Mr. Rushing picked up the item the Petitioner had dropped and laid it on a brick step to keep the cats from carrying it off. *See*, Dkt. # 6-7, at pp. 2-16.

After seeing Petitioner's car leaving the residence, the deputy sheriff continued following Petitioner's vehicle and when his vehicle swerved across the centerline, the deputy stopped the vehicle. At the time of the stop, the Petitioner was wearing a blue hoodie sweatshirt with a single pocket across the front. Petitioner was handcuffed and arrested for driving while suspended and suspicion of DUI. *Id*., at pp. 25-28.

While stopped, the deputy received a call from the Marshall County Sheriff's Office regarding a lady that was requesting a deputy be dispatched to her house because a man had just left "weed" at her house. The deputy had another officer transport Petitioner to jail and he went back to the residence where Petitioner had last been. *Id*., at pp. 23-28. Ms. Rushing testified that the deputy, Deputy Cryer, retrieved the item which Petitioner had dropped. *Id*., at pp. 8-16. Deputy Cryer opened the package - three brown cotton jersey gloves folded inside each other. Inside the gloves were a series of clear baggies and in the center of the baggies were 11 individually packaged heat-sealed bags of a green leafy substance later

9

determined to be marijuana and in the forefinger of the outermost glove was a white rock substance later determined to be cocaine. *Id.*, at pp. 30-31 and 36-38.

When a habeas petitioner alleges that his appellate counsel was ineffective for failing to raise an issue on direct appeal, the Court must first examine the merits of the omitted issue. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1998). Because the jury could find from this evidence that Petitioner possessed both the marijuana and the cocaine, a demur to the evidence regarding the element of possession would not have been sustained. Thus, appellate counsel was not ineffective for failing to raise this meritless claim.

Petitioner next argues appellate counsel was ineffective for failing to challenge trial counsel's failure to raise the issue of double jeopardy since he was convicted of two drug offenses when both drugs were found in the same package. In denying relief, the OCCA, citing *Strickland,* held that Petitioner failed to establish "that the facts of his case would have caused a double jeopardy proposition of error to change the outcome of his appeal."

One of the constitutional protections of the Double Jeopardy Clause is the protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989). This protection is limited to ensuring that "the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977).

When reviewing claims of multiple punishment in a federal habeas case, this Court must determine only whether the sentencing court imposed greater punishment than the

legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 365 (1983). Where the legislature clearly intends to punish the conduct as two separate offenses, the conviction for both offenses in one proceeding will not be prohibited. If the legislative intent is not clear, the "same evidence" test established in *Blockburger v. United States*, 284 U.S. 299 (1932) is applied. In determining whether a defendant's conduct constitutes a single criminal offense or separate criminal offenses for purposes of double jeopardy, this Court must defer to the state court's interpretation of the relevant statutory provisions. *Lucero v. Kerby*, 133 F.3d 1299, 1316 (10th Cir. 1998). The Oklahoma courts have used the *Blockburger* test in determining whether multiple drug charges violate the double jeopardy prohibition. *Dennis v. Poppel*, 222 F.3d 1245 (10th Cir. 2000) (holding convictions for both distribution and possession of rock cocaine did not violate Oklahoma statute prohibiting multiple punishments for single act).

Here, Petitioner was clearly convicted of two separate crimes, *i.e.* possession of marijuana with intent to distribute, in violation of 63 O.S.Supp. 2004, § 2-401(B)(2), and possession of cocaine, in violation of 63 O.S.Supp. 2004, § 2-402. The first crime required proof of an additional element, intent to distribute, which was not required to be proven for the second crime of simple possession. The OCCA' determination that Petitioner would not have prevailed on appeal had this issue been raised is consistent with its precedent rejecting claims similar to the one Petitioner is now raising. *See*, *Bogue v. State*, 556 P.2d 272, 274 (Okla.Crim.App. 1976)("Two distinct sales of a drug would be no less distinct and separate

offenses as possession or sale of two different drugs.")[2] Since the crimes for which Petitioner was convicted were separate and distinct and not, as asserted by Petitioner, simultaneous possessions simply because both drugs were contained within one large package, Petitioner's Fifth Amendment double jeopardy claim has no merit. As a result, this Court finds Petitioner has failed to establish that the OCCA's decision regarding ineffectiveness of appellate counsel was an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to habeas corpus relief on these claims.

## CONCLUSION

For the reasons stated herein, this Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his Petition for Writ of Habeas Corpus (Dkt. # 1) is hereby **DENIED**, and this action is, in all respects dismissed. Furthermore, pursuant to Rule 11 of the Rules Governing Section 2254 cases, this Court hereby denies a certificate of appealability. The Clerk is hereby directed to enter a separate judgment in this matter.

It is so ordered on this 21st day of October 2011.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[2] Petitioner's reliance on *Watkins v. State*, 855 P.2d 141 (Okla.Cr.App. 1992) is misplaced in that the appellant in *Watkins* had been arrested "for causing a single package containing two types of controlled substances to be shipped from Oklahoma to California" and the appellant had been charged with multiple counts of possession and conspiracy for each of the types of drugs found in the single package. As a result, the elements of each count were the same. On the other hand, in Petitioner's case, the issue is whether two separate acts identified in separate statutory provisions (*i.e.*, possession with intent to distribute and possession) can give rise to multiple offenses. Thus, *Watkins* is not controlling.